**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JOSE DAVID BARRAZA GUZMAN      CIVIL ACTION NO. 26-1058

VERSUS      JUDGE S. MAURICE HICKS, JR.

HERIBERTO TELLEZ, ET AL.      MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order ("TRO") (Record Document 2) filed by Petitioner Jose David Barraza Guzman ("Petitioner").

Petitioner is a native of El Salvador who is currently detained at Jackson Parish Correctional Center. See Record Document 1 at 2. According to the pleadings, Petitioner was previously released under an Order of Release on Recognizance over nine years ago. See id. Petitioner further alleges that he was later granted deferred action and employment authorization pursuant to a bona fide determination of his U-visa application, and that such deferred action has not been formally revoked. See id. at 6. Petitioner was re-arrested by immigration authorities in October 2025 and is presently detained. See id. at 7.

On April 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Record Document 1) along with the instant Motion. In his Habeas Petition, Petitioner challenges the legality of his current detention and seeks immediate release from custody, or alternatively, a constitutionally sufficient custody determination. See id. at 22. Likewise, in the instant Motion, Petitioner seeks substantially identical relief—namely, immediate release from custody and an order restraining Respondents from re-arresting,

transferring, or removing him pending adjudication of the habeas petition. See Record Document 2 at 2.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, the relief requested in the Motion substantially mirrors the ultimate relief sought in the habeas petition (a determination that Petitioner's detention is unlawful and that he must be released). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30,

2

2025). Granting the requested relief at this stage would effectively resolve the central legal dispute presented in the habeas proceeding without the benefit of full briefing or a developed record. The Court declines to shortcut the habeas process through emergency injunctive relief.

Moreover, to the extent Petitioner seeks to enjoin Respondents from removing him from the United States, this Court lacks jurisdiction to grant such relief. Even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal. See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Finally, Petitioner also seeks to prohibit his transfer or re-arrest. However, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22,

2025). Petitioner has not demonstrated that such relief is necessary to preserve this Court's ability to adjudicate the habeas petition. Further, the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT